IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-10250-01-WEB |
| | ) | |
| JAMES R. LEEPER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Memorandum and Order**

The defendant James Leeper is charged within a three-count Indictment with:  unlawful possession of a silencer (Count 1), unlawful possession of 5 destructive devices (Count 2); and unlawful possession of a firearm from which the serial number was removed or obliterated (Count 3).  The matter came before the court on January 13, 2006, for a hearing on the defendant's motion to review an order of detention entered by the Magistrate Judge.  The Magistrate found the Government had shown by clear and convincing evidence that there were no conditions of release that could reasonably assure the safety of the community, such that the defendant should be detained pending trial.

I. *Background*.

On a motion for review under 18 U.S.C. § 3145, the district court conducts a de novo review of the Magistrate's order, meaning the district court conducts its own determination of the facts.  *See United States v. Romo-Sanchez*, 170 F.Supp.2d 1127, 1128 (D. Kan. 2001) (the district court must ultimately decide the propriety of detention).  The court has discretion in determining whether to take additional evidence or to rely on the record of the earlier hearing. *See United States v. Frietas*, 602 F.Supp. 1283, 1293 (D.Cal. 1985).

Under the Bail Reform Act, a person may be detained pending trial only if the court finds, after a hearing, that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.  The Government bears the burden of demonstrating these facts.  *See*  18 U.S.C. § 3142(e)&(f).  In determining whether this burden has been met, the court must take into account the available information concerning the factors listed in § 3142(g), including: the nature and circumstances of the offense charged, including whether the offense is a crime of violence; the weight of the evidence against the person; the history and characteristics of the person (including any criminal history, family ties, employment, history of drug or alcohol abuse, and ties to the community), and the nature and seriousness of the danger posed by the person's release. *Id. See also United States v. Salerno*, 481 U.S. 739 (1987).

Because there is probable cause to believe the defendant has committed an offense which is a crime of violence, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community.  § 3142(e).  *See United States v. Newman*, 1997 WL 603740 (10th Cir., Oct. 1, 1997) (unpublished) (holding that possession of a pipe bomb qualifies as a "crime of violence" for purposes of the Bail Reform Act). *See also United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991) (grand jury indictment is sufficient to establish a finding of probable cause).

II.  *Discussion.*

After examining the record and hearing the arguments of the parties, the court concludes the Government has met its burden of showing there are no conditions of release that would reasonably assure the safety of the community.  As noted above, a rebuttable presumption of danger to the community arises

due to the nature of the charges.  Additionally, the following factors, among others, persuade the court that detention is required:

- The arrest affidavit states that the defendant was shooting at juveniles who were hunting on land adjacent to the defendant's.  The defense argues that the defendant thought these individuals were on his land and that he merely fired warning shots in their direction to scare them off.  Even if defendant's explanation is true, however, it indicates the defendant exercises poor judgment concerning the use of dangerous weapons, and that his release would pose a potential danger to the community.  The court notes also that the defendant is now facing charges in state court stemming from this incident.

- The arrest affidavit also states that when the defendant was arrested, he told the officers that "this was his second chance to shoot a law enforcement officer."

- The defendant has a history of trouble with alcohol, including two DUI's, and he was on probation for DUI at the time of the alleged offenses.  The Pretrial Services Report indicates that the defendant continues to drink alcohol, although he believes that he has no problem with alcohol.

- The defendant suffers numerous health problems that could impair his judgment, including the effects of a cerebral aneurism he suffered in 1988 and Post Traumatic Stress Disorder.

- At the time of his arrest, the defendant was found to be in possession of 26 firearms, one silencer, and 5 destructive devices.  According to the arrest affidavit, one of the destructive devices was made with an impact-sensitive explosive.  It contained a large quantity of BB's which would have acted as shrapnel upon detonation of the device.  An FBI-certified Bomb Technician who examined the device determined that any person in proximity to it upon detonation would suffer injury or death.   At the detention hearing, defense counsel hypothesized that such a weapon could have been intended for such purposes as scaring

3

off unwanted birds, but no showing has been made that this was in fact the intended purpose of the device. Moreover, given the nature of the device, its possession or use for any purpose would have posed a danger to others.

- The defense has proposed that the defendant be released into the third-party custody of his wife, with a condition of home detention and electronic monitoring. The court is not persuaded, however, that this would be an effective means of assuring the defendant's compliance with conditions of release.

In sum, after weighing all of the relevant factors in this case, the court finds there are no conditions or combination of conditions of release that will reasonably assure the safety of the community.

III. *Conclusion.*

Defendant's Motion to Revoke the Magistrate's Order of Detention (Doc. 13) is DENIED. The Order of Detention previously entered in this case remains in effect. The defendant is hereby committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this 16th Day of January, 2006, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge

4